IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-00020

ROGERS GREEN MOUNTAIN )
HOMEOWNERS ASSOCIATION, INC., )
MACK and FRANKIE PITMAN, BILL and )
AMY SULLIVAN, LEONARD ROBINETT, )
ROGER and JUDY THOMAS, JOE and )
LILLIE ALLEN, REGINA SHEPHERD, )
HELENE HIGGINBOTHAM, JOHN )
MCMILLEN, PAUL and CORNELIA )
REEVES, TED and JILL TAYLOR, LINDA )
THOMAS, and DUANE AND BETTY )
ZORN, )
                                    )
        Plaintiffs,                  )
                                    )
    v.                               )    **ORDER**
                                    )
JORGE MON, GREEN MOUNTAIN            )
ESTATES, INC., and MARIA E. MON,    )
                                    )
        Defendants.                  )

**BEFORE THE COURT** is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 13) and accompanying Memorandum (Doc. 14) to which Plaintiffs have filed a Memorandum in Opposition (Doc. 15). Defendants have filed a Reply. (Doc. 16).

Plaintiffs' claimed basis for federal subject matter jurisdiction is diversity of citizenship. Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Pursuant to 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant." *Hoschar v. Appalachian Power. Co.*, 739 F.3d 163, 170 (4th Cir. 2014).

"The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010). Plaintiff therefore must prove that this Court has diversity jurisdiction by a preponderance of the evidence. *U.S. ex. Rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "Because diversity jurisdiction depends on the citizenship status of the parties at the time an action commences, [a court] must focus [its] jurisdictional inquiry solely on that time." *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

A defendant may challenge subject matter jurisdiction in two ways. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The first way is a facial challenge and the inquiry is whether the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219). When a defendant uses a facial

challenge the plaintiff receives the protection equivalent to that afforded under Rule 12(b)(6). *Id.* The second way of challenging subject matter jurisdiction is by making an evidentiary challenge to the facts stated in the complaint. *Id.* The plaintiff receives far less procedural protection when the defendant makes an evidentiary challenge. *Id.* When the defendant makes an evidentiary challenge "the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." *Id.* at 193. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d, 398 (4th Cir. 2004). Testimony and affidavits are appropriate evidence to consider in such a situation, unless the jurisdictional facts are intertwined with facts central to the dispute. *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009).

Here, Defendants are basing their motion on an evidentiary challenge and there is no entwinement issue. Specifically, Defendants contend that Defendant Green Mountain Estates, Inc.'s ("Estates") principal place of business is in Alleghany County, North Carolina. (Doc. 14, at 3). If Defendants' contentions are correct, this Court will not have jurisdiction because all Plaintiffs are North Carolina citizens. (Am. Compl., Doc. 10, at ¶ 1-2).

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." The Supreme Court's decision in *Hertz* provides that, for purposes of diversity jurisdiction, a corporation's principal place of business is its "nerve center." *Hoschar*, 739 F.3d at 170. The nerve center is "where the corporation's high level officers direct, control and coordinate the corporation's activities." *Hertz*, 559 U.S. at 80-81.

3

The nerve center "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is . . . not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion.)" *Id.* at 93.

The Supreme Court in *Hertz* recognized there would be "hard cases". *Id.* at 95. The Court specifically referenced telecommunicating and working in different locations. *Id.* at 95-96. The Court also warned that parties may attempt jurisdictional manipulation by asserting that their principal place of business is a "mail drop box, a bare office with a computer, or the location of an annual executive retreat." *Id.* at 97. In such instances, the federal courts should ignore these attempts and find the actual nerve center.

The Supreme Court recognized that the nerve center test could produce results inconsistent with the rationale for § 1332 by utilizing the following example:

> [I]f the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the "principal place of business" is New York. One could argue that members of the public in New Jersey would be *less* likely to be prejudiced against the corporation than persons in New York-yet the corporation will still be entitled to remove a New Jersey state case to federal court. And note too that the same corporation would be unable to remove a New York state case to federal court, despite the New York public's presumed prejudice against the corporation.

*Id.* at 96.

## **EVIDENCE PRODUCED**

In support of their motion to dismiss, Defendants filed the affidavit of Jorge Mon. (Doc. 13-1). Mon is the sole officer, director, shareholder, and decision-maker of Defendant Estates. (Mon Aff., at ¶ 3). Defendant Estates was formed "for the exclusive purpose of residential real estate development and sales on Green Mountain in Alleghany County, North Carolina. (*Id.* at ¶ 2). He avers that he "generally direct[s], control[s], and coordinate[s] the business activities of

4

Green Mountain Estates, Inc. only when [he is] physically present in Alleghany County, North Carolina." (*Id.* at ¶ 8). He states that he generally does not conduct significant Estates business affairs while in Florida and when such significant business arises he makes a special trip to Alleghany County. (*Id.* at ¶ 9). In fact, he states that he has "made virtually all major decisions relating to Green Mountain Estates, Inc. and transacted all significant business of Green Mountain Estates, Inc." in Alleghany County. (*Id.* at ¶ 10). Further, he states Estates does little or no business activities outside of Alleghany County. (*Id.* at ¶ 11). For example, all vendors for Estates are located in Alleghany, the corporate books are records are located in Alleghany, and the annual meetings of Estates are conducted in Alleghany County. (*Id.* at ¶ 13, 16, 17). According to Mr. Mon, his corporation has only completed contracts for sale in North Carolina. (*Id.* at ¶ 12). Further, Mon swears that no real estate transactions have ever been handled outside of Alleghany County. (*Id.*).

In response, Plaintiffs provided six deeds that were executed by Mon on behalf of Estates in Florida. (Doc. 15-1, at 2-19). The first deed was executed in October 1999 and the last deed was executed in July 2007. Plaintiffs also argue that subject matter jurisdiction exists because they claim both Mon and Maria Mon are domiciled in Florida because they are registered to vote in Florida, have Florida drivers licenses, and the fact that Mon's social security card was issued in Florida. (Doc. 15, at 5 fn.2). Plaintiffs have also produced the declaration of Judi Zkiab who claims she purchased real property from Estates in 1999 and that all negotiations and the closing took place in Florida. (Zkiab Aff., Doc. 15-7, at ¶¶ 3-6).

## ANALYSIS

For the following reasons, the Court is persuaded that Plaintiffs have not carried their burden in showing that Defendant Estates' principal place of business is in Florida. Accordingly, the Court is without subject matter jurisdiction.

The nerve center test is applied at the time the complaint is filed. *See DiGregorio*, 166 F.3d at 290. That is why a corporation that was "effectively a local Maryland corporation" prior to August 1994 could cease to have a Maryland principal place of business in 1997. *See id.* at 293-94 (finding that after around three years of ceasing business in Maryland there was no basis for Maryland to be the principal place of business). Specifically, the question under consideration is whether Plaintiffs have proved by a preponderance of the evidence that Estates' nerve center was located in Florida on February 4, 2014. They have not done so.

The deeds provided by the Plaintiffs are too remote to satisfy the burden. All were notarized at least seven years ago and many are approximately fifteen years old. Further, the Court takes judicial notice that many of the most recent deeds filed in the Alleghany County Register of Deeds show a notary stamp that is from North Carolina.[1] Judi Zkiab's affidavit involving facts and circumstances as they existed in 1999 is also too remote to satisfy Plaintiffs burden.

Plaintiff also makes an argument related to the domicile of Mon and Maria Mon. The Court is not persuaded by this argument. One may look at the Supreme Court's example listed above. Assume that the top officers were domiciled in New Jersey and traveled to New York to make their decisions. The result would not change because the nerve center would still be located in New York. Furthermore, the citizenship of a corporation is determined independently of its shareholders. *Belle View Apartments v. Realty Refund Trust*, 602 F.2d 668, 669 (4th Cir. 1979).

---

[1] The Court "may take judicial notice on its own" and "at any stage of the proceeding." Fed. R. Evid. 201(c)-(d).

6

Plaintiff has not brought forth sufficient evidence to sustain its burden that the nerve center was located in Florida. There is no evidence rebutting Mon's assertion that he directs, controls, and makes major business decisions on behalf of Defendant Estates while he is located in North Carolina. While there is evidence that he has conducted business activities related to Defendant Estates in North Carolina, the evidence produced is remote from the date under consideration. Plaintiff has simply not provided the Court with enough evidence to satisfy its burden that the nerve center of Estates is in Florida. Accordingly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are non-diverse. Plaintiffs, of course, may file in the appropriate state court after dismissal.

Therefore, the Court **GRANTS** Defendants Motion to Dismiss Under 12(b)(1) and **DISMISSES** Plaintiffs' Amended Complaint.

Signed: October 28, 2014

Richard L. Voorhees
United States District Judge